**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IKHTIYOR KHAMROEV, | No. 11-70954 |
| Petitioner, | Agency No. A099-999-120 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 5, 2014
Seattle, Washington

Before: GOODWIN, McKEOWN, and WATFORD, Circuit Judges.

   **1.** Substantial evidence supports the immigration judge's (IJ's) conclusion that Ikhtiyor Khamroev did not testify credibly. The IJ identified multiple inconsistencies in Khamroev's testimony, one of which was particularly significant. Specifically, Khamroev was able to obtain a certificate of good

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3

behavior in support of his visa application from the president of his state university. The IJ found this fact inconsistent with Khamroev's other testimony that he was an "enemy of the state" under constant surveillance by the police and that university officials had forced his student group off campus because of his political activities. This inconsistency goes to the heart of Khamroev's claim that he suffered persecution as an enemy of the state under constant surveillance. Khamroev failed to offer a "reasonable and plausible" explanation for this inconsistency in his testimony. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

**2.** Without the benefit of credible testimony, Khamroev has failed to meet his burden for withholding of removal or protection under the Convention Against Torture. *See* 8 U.S.C. 1231(b)(3)(C); 8 C.F.R. § 208.16(c)(2).

**3.** We lack jurisdiction to review Khamroev's petition for humanitarian asylum, as he did not raise that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

**PETITION DENIED**.